UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WESLEY DOMINO STALLWORTH                                  PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 1:11CV73-RHW

OFFICER GLENN CLARK                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff Wesley Stallworth, an inmate at the Jackson County Adult Detention Center (JCADC) proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging that the defendants violated his Eighth Amendment constitutional rights by using excessive force. In his complaint, he named Glenn Clark, JCADC, and the Jackson County Sheriff Department as defendants. Plaintiff was provided an opportunity by the Court to sue Jackson County, but elected not to make the county a defendant. The Court then dismissed JCADC and the Jackson County Sheriff Department as defendants. *See* docket entry [8]. Defendant Officer Glenn Clark is, and at the time of the incident at issue, was employed as a Deputy Sheriff for Jackson County at the JCADC. He is the only defendant remaining in this case.

**Factual Background**

Plaintiff alleges that on February 14, 2011, Defendant Clark violated his Eighth Amendment rights by using excessive force when he grabbed Plaintiff's neck and held him against the wall. The incident began when Defendant Clark and Officer Albin called Plaintiff out into the hallway to question him about exposing himself to female inmates. There is

conflicting testimony as to the events that followed. Plaintiff alleges that he told Defendant "no sir", and Defendant suddenly rushed him, grabbed him by the neck and pinned him against the wall. Defendant, on the other hand, alleges that Plaintiff began to wave his hands aggressively, so Defendant grabbed Plaintiff's jumpsuit right below the collar and held him up against the wall. Both parties agree that Defendant told Plaintiff not to lie to him. Defendant denies grabbing Plaintiff by the neck or injuring him in any way. Plaintiff alleges the following injuries resulting from the incident: restricted breathing, swollen vocal cord, blurred vision, trouble swallowing, severe headaches, and neck pain. Plaintiff also claims psychological injuries as a result of the incident, including being afraid of anyone in uniform, being afraid of speaking when an officer is around, fearing attack without provocation, and fearing for his life. He has stated that following the incident his throat hurt for less than a week; he had headaches for about a week or so; and he experienced blurred vision for a couple of days. Plaintiff seeks relief of $2.5 million, including court costs and medical bills.

Plaintiff filed his complaint on February 28, 2011, in the United States District Court for the Southern District of Mississippi. The Court conducted a screening hearing on August 15, 2011, where the parties consented to proceed before the undersigned. The Court set a discovery deadline of December 1, 2011, and a motions deadline of December 15, 2011. Defendant then filed a [27] Motion for Summary Judgment, in which he argued that (1) Plaintiff's Eighth Amendment rights were not violated because Defendant did not use excessive force; (2) Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act; and (3) Defendant is entitled to qualified immunity.

## Law and Analysis

### Summary Judgment Standard

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial." *See Celotex,* 477 U.S. at 323 (quoting *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992)). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984). The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The moving party accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.,* 584 F.2d 111, 114 (5th Cir. 1978).

### Administrative Remedies

Defendant asserts that Plaintiff failed to exhaust his administrative remedies. Exhaustion of administrative remedies through the prison grievance system is a jurisdictional

prerequisite for lawsuits filed pursuant to § 1983. *Wright v. Hollingsworth*, 260 F. 3d 357 (5th Cir. 2001). As amended by the Prison Litigation Reform Act, 42 U.S.C. § 1997e provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 531 F. 3d. 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). The Fifth Circuit takes a "strict approach to the exhaustion requirement." *Days*, 322 F. 3d at 866. However, the exhaustion requirement may be subject to certain defenses such as waiver, estoppel, or equitable tolling. *Id.* Dismissal under § 1997e is made on pleadings without proof. *Id.* Plaintiff must allege exhaustion with sufficient specificity. *Id.*

Defendant argues that Plaintiff failed to exhaust all administrative remedies by failing to file a grievance complaining about his alleged mistreatment to the jail administration. Defendant further contends that Plaintiff had administrative remedies available to him that were in the inmate handbook, which is broadcast over television sets each day. However, Plaintiff stated in his sworn complaint he had in fact exhausted his administrative remedies. Specifically, Plaintiff indicated that he completed the Administrative Remedy Program and stated that he notified the Sheriff about the matter on a grievance form. Defendant asserts that Plaintiff did not exhaust his available remedies but does not provide any affidavits or other evidence to support this assertion. Based on the current record, the Court cannot conclude that Plaintiff failed to exhaust his

administrative remedies. Plaintiff has specifically pled that he filed a grievance and completed the administrative remedy program, but Defendant has failed to present summary judgment evidence disputing this allegation or otherwise demonstrating the absence of a genuine issue of material fact.

**Excessive Force**

To prevail on an excessive force claim, Plaintiff must show (1) an injury; (2) which resulted directly and only from a use of force that was clearly excessive; and (3) the excessiveness of which was clearly unreasonable. *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005). When determining whether a defendant used excessive force, the core inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998). If a prison official "maliciously and sadistically" uses force to cause harm, evolving standards of decency under the Eighth Amendment are always violated. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)(citing *Whitley v. Albers*, 475 U.S. 312, 327 (1986)).

The extent of injury suffered by an inmate is one of the factors to be considered in determining whether the use of force is wanton and unnecessary. The absence of serious injury is relevant to, but does not end, the Eighth Amendment inquiry. *Whitley*, 475 U.S. at 321. Some of the relevant objective factors in the inquiry regarding the application of force include (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the defendant; and (5) any efforts made to temper the severity of the forceful response. *Baldwin*, 137 F.3d at 838-839. The Eighth Amendment's prohibition of "cruel and unusual" punishments

5

necessarily excludes *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind.' " *Whitley*, 475 U.S. at 327 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  In the excessive force context, such standards always are violated when prison officials maliciously and sadistically use force to cause harm.  *Id.* at 327.  What is necessary to establish an "unnecessary and wanton infliction of pain" varies according to the nature of the alleged constitutional violation.  *Id.* at 320.

Plaintiff has alleged specific injuries in his [1] Complaint, which are more than *de minimis*, thus meeting the first element of an excessive force claim.  However, the conflicting testimonies of both Plaintiff and Defendant creates a genuine issue of material fact as to the second element.  While Plaintiff alleges that Defendant suddenly rushed him and pinned him against the wall without provocation, Defendant alleges that Plaintiff had exposed himself to female inmates and aggressively provoked Defendant.  Officer Nyka Albin, JCADC Director Ken Broadus, and Records Custodian Greene have submitted affidavits in support of Defendant's account of the events.  *See* dkt. entry [27], attachments.  Given the conflicting accounts of the incident, the Court cannot determine whether the threat perceived by Defendant was reasonable in light of the circumstances nor how much force was actually used by Defendant.  Because material facts are in dispute with regard to an essential element of Plaintiff's excessive force claim, the Court cannot grant Defendant's motion of summary judgment.

### **Qualified Immunity**

Addressing qualified immunity, the relevant inquiry is whether the force used by the defendant was clearly excessive or clearly unreasonable and whether the totality of the circumstances justified the particular use of force.  *Ramirez v. Knoulton*, 542 F.3d 124, 128-29

(5th Cir. 2008). If the defendant's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to underlying intent or motivation, then he is entitled to qualified immunity. *Id.* Until the Court can make factual determinations about the incident and the amount of force; i.e. whether the use of force was reasonable in light of the facts and circumstances; it is premature to resolve the qualified immunity issue.

## Conclusion

Based on the foregoing, the Court finds that Defendant is not entitled to summary judgement due to the lack of evidence pertaining to the administrative remedies claim. Further, summary judgement is also denied because there is a genuine issue of material fact pertaining to the incident in this case. By separate order, the Court will schedule a trial date.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's [27] Motion for Summary Judgement is DENIED.

SO ORDERED, this the 21st day of June, 2012.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE